Appellee sued appellant in the District Court of Bosque County and recovered a judgment for personal injuries received by him while in the employ of appellant, in an effort to elevate certain cylinders by means of a derrick. Appellee was appellant's foreman in the matter of removing such cylinders, and this fact gives rise to the issue presented in the third and ninth assignments of error. The proposition urged by appellant in this connection is that appellee, being foreman in charge of the work of loading said cylinders, and having control of the men performing said work and directing the manner in which the machinery and appliances furnished were to be used, was charged with the duty of exercising ordinary care to discover any danger incident to such manner of use, and if his injuries were the result of any danger he could thus have discovered, he assumed the risk of such injury, and requested charges submitting this theory of the law. Briefly stated, the facts show that the injury occurred in the following manner: Appellee was foreman in charge of the work of loading the cylinders, and had control of the men under. him. The work was to be done with a derrick car, which is a flat car with a box at the back end and at the other end a derrick with boom, a block and fall, or block and tackle, with jacks and other paraphernalia. The derrick car was placed in a position to lift the cylinders, and was then fastened to the rails by means of buckle or clamps provided for that purpose, and the four jacks placed under the corners of the car for the purpose of making the same rigid. To the end of the boom or beam which swings out over the object to be lifted, guy ropes were attached and held by men on either side of the track. The mast, or upright beam, of the derrick was not secured by guy ropes, although such ropes were supplied with the car for this purpose. After the block and fall had been adjusted and the cylinders, which weighed some two tons, had been elevated to the proper height, the men on the north, who were directed to pull the cylinders over the flat car, seemed unable to move them, when appellee approached the cylinders to aid by pushing them over, whereupon the track gave way and the rail on the north side was pulled up from the ground, permitting the cylinders to drop, resulting in appellee's injury. An investigation showed that the giving away of the rails was due to rotten ties, and this constitutes the negligence alleged as a basis for recovery.
Appellant's contention that it was the duty of appellee to exercise ordinary care to discover the defective condition of the roadbed is based upon the conception that, standing, as he did, in the relation of vice-principal to the master, he undertook to perform those duties in the premises which would otherwise be required of the master, that is, that he would exercise ordinary care to see that the appliances and place for the work in hand were reasonably safe and proper. In a sense this is true, in respect to those duties specifically delegated to him, such as the immediate work of erecting and making secure the derrick, lifting and removing the cylinders, etc., he would be required to exercise ordinary care, and in all these respects the court's charge correctly imposed this duty upon him; but in respect to the appliances furnished him and *Page 269 
the place to work, in this instance the derrick car with its paraphernalia and the roadbed, he, in common with any other servant, may reply upon the assumption that the master has performed his duty by exercising ordinary care for his safety. In other words, there is nothing in this case to take it out of the general rule that it is the master's duty to exercise ordinary care to furnish his servant with reasonably safe tools and place to work, and that the servant owes him no duty to discover latent defects. The transaction amounts to the master's saying, "Here are appliances and roadbed reasonably safe for the work now required of you. Exercise ordinary care in using them, and no injury will befall you." An injury does happen which is the result of a latent defect in the roadbed, which the master, by the exercise of ordinary care, would have discovered, but of the existence of which the servant had no knowledge. The master should be held liable.
The contention made in the seventh assignment, that the only duty appellant owed to appellee in this respect was to furnish and keep the track in such repair as such tracks are usually kept for the more usual purpose of running trains over it, clearly can not be sustained, since it was appellant's duty to exercise ordinary care to supply reasonably safe track for the particular work in hand.
The charge amply requires the jury to believe that the existence of rotten ties constituted negligence on the part of appellant, and that this negligence proximately resulted in appellee's injuries, before they would be authorized to return a verdict in his favor, and the tenth assignment must therefore be overruled.
This disposes of all assignments save those questioning the sufficiency of the evidence to support the verdict and judgment. Without detailing the testimony, we hold that the evidence is sufficient. While the verdict appears to be based principally upon the uncorroborated testimony of appellee, and he is contradicted in many material respects by the testimony of those who were assisting him in the work, yet we are not prepared to say that the jury was not authorized to accept his version of the affair. The nature of appellee's injuries, being a small rupture, is not such probably that he made a serious complaint at the time, and this may in a measure account of the failure of the other witnesses to observe the accident. He testifies that within a few minutes after the fall of the cylinder, he felt a pain or itching, and later made complaint to his wife and to appellant's master mechanic, who advised him to see a doctor. There is no controversy about his being permanently ruptured. The evidence shows that with the number of men there who were holding the guy ropes, considering the weight of the cylinder, the derrick car would not have overturned and the accident would not have happened, but for appellant's negligence in respect to the rotten ties.
The relative duties of appellant and appellee having been, as we think, fairly submitted to the jury, and their verdict finding sufficient support in the testimony, the judgment against appellant is in all things affirmed.
Affirmed.
Writ of error refused. *Page 270