PUGH et al. v. PUGH. (No. 5372.)

(Court of Civil Appeals of Texas. Austin. May 20, 1914.)

1. APPEAL AND ERROR (§ 559*) — RECORD ON APPEAL—STATEMENT OF FACTS—REQUISITES.

A statement of facts should only contain the testimony that was admitted and the objections made thereto, and a statement of facts which sets forth evidence sought to be introduced, objections thereto, and the sustaining of the objections, disregards the rule defining the requisites of a statement of facts, and may on motion be stricken out.

[Ed. Note.—For other cases, see Appeal and Errors, Cent. Dig. §§ 2483–2489; Dec. Dig. § 559.*]

2. APPEAL AND ERROR (§ 559*) — QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS—REQUISITES.

In the bill of exceptions, and not in the statement of facts, is the proper place to show that testimony was excluded, when the party complaining desires to have the ruling reviewed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2483–2489; Dec. Dig. § 559.*]

3. APPEAL AND ERROR (§ 557*) — RECORD — OBLIGATION OF APPELLANT.

It is the duty of appellant to see that the statement of facts is properly prepared.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2480–2482; Dec. Dig. § 557.*]

4. APPEAL AND ERROR (§ 655*) — RECORD ON APPEAL—DEFECTS—ESTOPPEL.

Appellee, who agrees to a statement of facts, is not thereby estopped from moving to strike it out for failure to comply with the law and the rules regulating statements of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2823–2825; Dec. Dig. § 655.*]

5. APPEAL AND ERROR (§ 1133*)—QUESTIONS REVIEWABLE—STATEMENT OF FACTS.

Where a statement of facts cannot be considered, so as to make it appear that error complained of in appellant's brief was committed, the judgment must be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4450–4453; Dec. Dig. § 1133.*]

Appeal from District Court, Anderson County; John S. Prince, Judge.

Action between J. A. Pugh and another and Mrs. Margaret S. Pugh. From a judgment for the latter, the former appeal. Motion to strike out statement of facts sustained, and judgment affirmed.

Funderburk & Strickland, of Palestine, for appellants. Gregg & Brown, of Palestine, for appellee.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

KEY, C. J. In this case we sustain appellee's motion to strike out the statement of facts. The motion referred to complains because only one statement of facts was filed in the court below, while the statute requires that two should be filed there, one of which is required to be sent up with the transcript, and the other to remain in that court; also because it contains extraneous matters, shown by the statement of facts itself not to have been admitted in evidence, and covering a considerable number of pages thereof.

[1] The statute now in force requires the appellant to file statement of facts in the trial court in duplicate; and while we are inclined to agree with the holding in Witherspoon v. Crawford, 153 S. W. 633, that the statute is, in a certain sense, mandatory, in view of the facts shown in this case in reply to the motion, we might not hold that the failure to comply with that statute in this case does not constitute of itself sufficient ground for striking out the statement of facts. But the other objections to the statement of facts are serious and well founded; for instance, about seven pages contain a copy of a judgment, objection made to its introduction, arguments made pro and con in reference to its admissibility, and remarks made at different times by the trial judge, the final result being that the objection was sustained and the document referred to not admitted in evidence. Though not covering as many pages, the statement of facts shows that the same procedure was gone through with reference to an order of sale, which was not admitted in evidence; also, though not pointed out in the motion, similar procedure was had in reference to other testimony which was excluded. By this we mean that the statement of facts shows that objections were made to the admissibility of other testimony, and remarks made by the attorneys upon such objections, which testimony was excluded. Nothing can properly be incorporated in a statement of facts except testimony that was admitted in evidence, together with objections made thereto.

[2] In the bill of exceptions, and not in the statement of facts, is the proper place to make it appear that certain testimony was excluded, when the complaining litigant desires to have that ruling reviewed by an appellate court. In fact, instead of condensing, as required by the rules, the stenographer's notes seem to have been adopted. In fact, it is reasonably certain that, if the statute and rules regulating the matter had been complied with, the statement of facts could have been reduced in volume one-third, if not one-half; and while it is true that the motion to strike out does not embrace all of the objections referred to, we hold that, inasmuch as the rules were made for the purpose of facilitating the dispatch of business in the appellate courts, it is proper to consider such omissions in passing upon the motion. And, so considering the matter, we have reached the conclusion that there was such a flagrant disregard of the law and the rules regulating such matters as renders it our duty to sustain the motion and strike out the statement of facts. Caswell v. Hopson, 43 S. W. 547; Heidenheimer v. Tannenbaum, 23 Tex. Civ. App. 567, 56 S. W. 776; Railway v. Flanary, 45 S. W. 214.

[3, 4] It is well settled, as shown by some of the cases just cited, that it is the duty of an appellant to see that the statement of facts is properly prepared, and that an appellee, by agreeing to such statement, does not estop himself from moving to strike out for failure to comply with the law and rules regulating such matters.

[5] As the statement of facts cannot be considered, we cannot hold that the trial court committed reversible error in regard to questions presented in appellants' brief; and, it not being made to appear that such error was committed, the judgment appealed from is affirmed.

Affirmed.