## CHANCEY v. DAYTON-GOOSE CREEK RY. CO.  (No. 8837.)

(Court of Civil Appeals of Texas. Galveston. June 10, 1926. Rehearing Denied Oct. 7, 1926.)

1. **Appeal and error** ⬅573—Motion for permission to make and approve statement of facts and for certification by trial judge held properly refused 16 months after judgment and year after term.

Motion for permission to make and approve a statement of facts and asking return to trial judge with instructions to certify, made 16 months after judgment and almost a year after expiration of trial term, *held* properly refused, as trial judge then had no authority.

2. **Appeal and error** ⬅907(3).

In absence of statement of facts on appeal, it will be presumed that evidence supported judgment of trial court.

Error from District Court, Harris County; Ewing Boyd, Judge.

Action by Patrick Chancey against the Dayton-Goose · Creek Railway Company. Judgment for defendant on an instructed verdict, and plaintiff brings error. Affirmed.

See, also, 280 S. W. 843.

Samuel Schwartz, of Houston, for plaintiff in error.

Ross & Wood and R. Wayne Lawler, all of Houston, for defendant in error.

GRAVES, J. In this cause plaintiff in error sought damages of the railway company for the death of his wife occurring out in the country between the towns of Goose Creek and Baytown, at a point on the company's railroad opposite the plaintiff in error's home, where his wife was killed by a train. It was alleged that the railway company had permitted the place where Mrs. Chancey attempted to cross the railroad for a long time to be used by his family and other people in that neighborhood as a crossing, and that his wife's death thereat, while attempting to cross the railroad at that place, and in the exercise of due care for her own safety, was the result of the railway company's negligence in a number of particulars, among them, its failure to keep a proper lookout, to ring the bell, blow the whistle, or otherwise warn his wife of the approach of the train, each and all of which alleged acts of negli-

gence were charged to have proximately caused her death.

After a general demurrer and denial, the railway company answered with detailed pleas to the effect that the deceased was a trespasser and · guilty of contributory negligence as a matter of law in going· upon the railway track in the way she did, that the evidence disclosed no negligence of any sort upon the part of the railway company, and that under all the facts and circumstances the point where she attempted to cross being in nowise recognized by acquiescence or otherwise as a· place where people were either expected or permitted to cross the railway track; the deceased was guilty of contributory negligence as a matter of law proximately causing her own death in that she failed to exercise any care whatever for her own safety.

At the close of the plaintiff's evidence the trial court sustained the motion of the defendant for an instructed verdict in its favor, judgment accordingly following, and from that action this writ of error has been sued out.

[1] Counsel for plaintiff in error filed a motion here praying for orders of this court permitting him to approve and sign nunc pro tunc a purported statement of facts in the cause signed by the official court reporter of the trial court, and as of date April 1, 1925, by counsel for defendant in error, but neither approved nor signed at all by himself nor the trial judge, also asking us to direct the return of such statement to the trial judge, with instructions for him to certify to this court whether or not it is a full, correct, and true statement of all the facts adduced upon the trial, reciting that the judgment in the cause was rendered on January 22, 1925, that this statement of facts was thereafter duly prepared and filed in both the court below and this court, and that he was under the impression that it had been properly approved and signed both by the trial judge and himself until after the cause had been set for submission in this court, when he first learned to the contrary. Matters tending to excuse counsel for the error are also set out.

That motion was refused for the reason that now, over 16 months after rendition of the judgment and almost a year after the expiration of the term of court at which the trial was had, the trial judge would have no power to approve or sign a statement of facts in the cause. Galveston, H. & S. A. R. Co. v. Perkins (Tex. Civ. App.). 73 S. W. 1067; Garrow v. Texas & N. O. R. Co. (Tex. Civ. App.) 273 S. W. 279; Gray v. Frontroy, 40 Tex. Civ. App. 302, 89 S. W. 1091; Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238.

[2] The cause is therefore before this court without a statement of facts. Plaintiff in error bases his appeal here upon only two

---

propositions, in both of which he contends that under all the facts and circumstances shown in the record the trial court erred in withdrawing the cause from the jury because issues of fact were raised by the testimony upon which a verdict and judgment in his behalf might have been properly based.

Obviously, in the absence of a statement of facts, this court cannot consider the matters presented under either proposition.

There is no question of fundamental error raised, the trial court had jurisdiction of the parties, as well as the cause of action, and the judgment is one it had the power to render under the pleadings. Under these circumstances, it will be presumed upon appeal that the evidence properly supported the action taken below. The judgment is affirmed.

Affirmed.