## TRAIL v. BLACKMON. (No. 7860.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 21, 1927.

Rehearing Denied Feb. 1, 1928.

1. **Appeal and error** ⟷281(1), 719(1)—**Only fundamental errors can be considered, where no new trial motion or assignments appear in transcript.**

Where transcript contains no motion for new trial and no assignments, Court of Civil Appeals can consider only errors of a fundamental nature.

2. **Appeal and error** ⟷672—**Finding by court of existence of negligence held fundamental error, where there was absolute failure to raise even suspicion of negligence (Workmen's Compensation Law [Rev. St. 1925, art. 8306]).**

There being an absolute failure to raise even suspicion of negligence in injury of employee, and it being necessary to prove negligence under Rev. St. 1925, art. 8306, since employer had no insurance under Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309), court's finding that there was negligence *held* fundamental error.

3. **Negligence** ⟷136(9)—**Question of negligence must be submitted to jury, unless nonobservance of statutory duty resulted in injury, or no other inference than that of negligence can be drawn from facts.**

Question of negligence must be submitted to jury, except when a duty imposed by statute has not been observed, and nonobservance results in injury, or where facts are such that no other inference can be drawn than that there was negligence.

Error from Kaufman County Court; Chas. Ashworth, Judge.

Action by Jack Blackmon against J. F. Trail and another. Judgment for plaintiff, and named defendant brings error. Reversed and remanded.

Ross Huffmaster, of Kaufman, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendant in error.

FLY, C. J. Defendant in error sued plaintiff in error and the Kaufman Cotton Oil Company to recover damages, alleging that he was their employee in August, 1925, and, while engaged in his employment about a cotton press, which was worn out, a handle used to release the handle or lever "flew over and hit him in the jaw, knocking his teeth out, injuring and damaging him." The cause was submitted to a jury on special issues, and judgment rendered in favor of defendant in error, on their answers, for $250, with 6 per cent. interest and costs, as to J. F. Trail, and against defendant as to the Kaufman Cotton Oil Company.

Blackmon was an employee of Trail, and, while trying to unbuckle the cotton press, about which he was employed, he was knocked unconscious; the blow completely shattering one tooth and loosening one other. The shattered tooth was extracted. There was a gash on his face three-fourths of an inch long. The gin was run by Trail, and the Cotton Oil Company had nothing to do with it. Trail had no employer's compensation insurance when the accident occurred, although he was working at least five employees.

[1, 2] The transcript contains no motion for a new trial, although there is an order granting leave to file an amended motion for a new trial and also an order overruling the amended motion. No assignments are found in the transcript, and consequently no error can be considered, unless it be one of a fundamental nature. We are of opinion that the record presents an error which is apparent, and which goes to the very foundation of the action. The real foundation for the action was necessarily proof of negligence and a submission to the jury as to whether such proof was sufficient to establish negligence. There is nothing in the evidence that tends to establish negligence. The circumstances of the accident are testified to by no one. Blackmon alone testified about the accident, and he could tell nothing, except that he caught hold of the cotton bale press, and received a blow that rendered him unconscious. He alleged that plaintiff in error had furnished him with "an old worn-out press that would not throw itself, and was unsafe for any person to handle." He testified:

"I worked for this defendant, J. F. Trail. Mr. Trail paid me all that he owed me, his son, Tom, giving the check. I was hurt about the 1st of October. I disremember, I cannot explain exactly how I was hurt, only that I started to unbuckle the press, and that is the last thing that I remember until the next day. I guess I was unconscious, and, when I came to myself, I was in Kaufman."

That constituted the entire testimony in connection with the circumstances surrounding the accident. The evidence showed that plaintiff in error had no insurance under the terms of the Workmen's Compensation Law, and that law provides that, in actions for personal injuries against an employer by an employee, when there is no insurance, "it shall be necessary to a recovery for the plaintiff to prove negligence of such employer or some agent or servant of such employer acting within the general scope of his employment." Article 8306, Rev. Stats. of 1925. The jury found that plaintiff in error had no insurance under the Workmen's Compensation Law, and the court, in spite of that finding, must have found that there was negligence, although that question had not been

submitted to the jury, and there was no testimony to sustain a finding of negligence. We think such action constituted fundamental error.

[3] Negligence is ordinarily a question of fact, and, when a trial is before a jury, the question must be submitted to them. The exceptions recognized to that rule are, first, when a duty imposed by statute has not been observed, and the nonobservance results in injury, and, second, where the facts are such that no other inference can be drawn than that there was negligence. Railway v. Wilson, 60 Tex. 142; Railway v. Matula, 79 Tex. 577, 15 S. W. 573; Sanches v. Railway, 88 Tex. 117, 30 S. W. 431. The facts of this case do not bring it within the operation of either exception to the general rule. There was an absolute failure to raise even a suspicion of negligence, and the evidence did not disclose any state of facts upon which to base the doctrine of res ipsa loquitur. The cause of the accident is left in dense obscurity.

The judgment is reversed, and the cause remanded.