## BLACKMON v. TRAIL.   (No. 972–5113.)

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

Wynne & Wynne, of Kaufman, for plaintiff in error.

Ross Huffmaster, of Kaufman, for defendant in error.

SPEER, J.   This was an action by Jack Blackmon against John F. Trail and the Kaufman Cotton Oil Company to recover damages for personal injuries received by the plaintiff, an employé of Trail.   There was a judgment for plaintiff, which was reversed, and the cause remanded by the Court of Civil Appeals for the Fourth District. 1 S.W.(2d) 937.

A motion to dismiss the writ of error granted to Trail is based upon the ground that the cause of action being one for damages in the sum of $750, the Supreme Court is without jurisdiction, but the motion should be overruled, because the writ was granted upon conflicts alleged.

The motion for a certiorari to perfect the record should likewise be overruled.   The amended motion for new trial, which is attempted to be supplied as a basis for the assignments of error in the Court of Civil Appeals, is not jurisdictional in this court in the sense that an order for its transmission will be made as an incident to the exercise of jurisdiction.   The jurisdiction of this court, in respect to the matters as to which it will make a review, is dependent upon the proceeding in the Court of Civil Appeals.   The Supreme Court will not revise any matter upon an application for writ of error that has not been presented and acted upon by the Court of Civil Appeals, and which action has not been presented in a motion for rehearing in that court.   Knodel v. Equitable Life Ins. Co. (Tex. Com. App.) 221 S. W. 941.   The Supreme Court has jurisdiction upon the ground of conflict to entertain the case, but it will not review any question not presented to the Court of Civil Appeals and preserved as above indicated.

The Court of Civil Appeals said:

"The transcript contains no motion for a new trial, although there is an order granting leave to file an amended motion for a new trial and also an order overruling the amended motion.   No assignments are found in the

transcript, and consequently no error can be considered, unless it be one of a fundamental nature. We are of opinion that the record presents an error which is apparent, and which goes to the very foundation of the action: The real foundation for the action was necessarily proof of negligence and a submission to the jury as to whether such proof was sufficient to establish negligence. There is nothing in the evidence that tends to establish negligence. The circumstances of the accident are testified to by no one. Blackmon alone testified about the accident, and he could tell nothing, except that he caught hold of the cotton bale press, and received a blow that rendered him unconscious." The court then quoted testimony, and held: "There was no testimony to sustain a finding of negligence. We think such action constituted fundamental error."

The assignments of error here attack the holding of the Court of Civil Appeals that this constituted fundamental error, and challenge the authority of that court to reverse the judgment upon such ground.

■■ We sustain these assignments. The jurisdiction of our appellate courts is statutory (or constitutional), and they can exercise no power that is not conferred upon them by law. There is no statute giving to any of our appellate courts a general revisory power over the trial courts. Their authority to reverse judgments is limited to errors duly assigned or apparent upon the face of the record, commonly called fundamental error. In the absence of an assignment of error, and in the absence of error apparent of record, the Court of Civil Appeals has no authority to reverse the judgment of a trial court.

■ There being, admittedly, no assignment of error in the present case, it needs only to be determined whether or not there was error apparent of record to authorize the reversal by the Court of Civil Appeals. The statement heretofore quoted from that court shows indisputably that a determination of the existence of error necessitated an examination by that court of the entire statement of facts. Without such examination, it could not be found that no evidence existed to support the judgment.

■ It has been definitely determined by the Supreme Court that an error which requires of the reviewing court an examination of the entire statement of facts is not that error apparent of record which the court will be required to consider. Ford & Damon v. Flewellen (Tex. Com. App.) 276 S. W. 903; Houston Oil Co. of Texas v. Kimball, 103 Tex. 94, 104, 122 S. W. 533, 124 S. W. 85; Heard v. Nickols (Tex. Com. App.) 293 S. W. 805.

If it be conceded, as it must be, that the Court of Civil Appeals is not required to consider such an alleged error, it necessarily follows that that court has no power to consider such an error, even though it should elect to do so. Its power or authority, as above indicated, depends upon the presentation to it of such an error as would require consideration at its hands. If it were held that the Court of Civil Appeals might at its option reverse the judgment of a trial court for an error not assigned, nor apparent of record, it would follow the statutes defining the jurisdiction of that court, so far as the nature and extent of the error is concerned, would be nugatory, and its jurisdiction would depend upon the caprice or individual view of that particular court. It would produce untold confusion in the practice, and the result would be completely at variance with our whole scheme of statutory powers and jurisdiction of courts.

We therefore recommend that the motions to dismiss the writ of error and to perfect the record be overruled, and that the judgment of the Court of Civil Appeals be reversed, and the judgment of the county court affirmed.

CURETON, C. J. Motion to dismiss writ of error and to perfect the record overruled, and the judgment of the Court of Civil Appeals reversed, and that of the county court affirmed, as recommended by the Commission of Appeals.