## HOME INS. CO. v. WILLIAMS.
### No. 13194.

'Court of Civil Appeals of Texas. Fort Worth.'

June 7, 1935.

Rehearing Denied July 5, 1935.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Brent C. Jackson and W. C. Boyd, both of Denton, for defendant in error.

BROWN, Justice.

Appellant issued and delivered to appellee a fire insurance policy covering his dwelling in Denton county, in the sum of $1,500.

Appellee brought suit upon such policy, after the destruction of his house by fire.

Appellant sought a continuance because of the absence of three witnesses, subpœnaed by it one week before the trial. Two of these witnesses were married women; the third is the husband of one of them.

The officer in whose hands the writs were placed made his return showing that one of the married women lived in Potter county, Tex., and that the other witnesses lived in Dallas county, Tex.

The motion for a continuance was overruled by the trial court, the order stating that, after hearing evidence thereon, the court finds that appellant did not use diligence in an effort to obtain the testimony. There is no statement of facts in the record showing what evidence was introduced on the issue.

The case was tried to a jury and, upon the answers returned to the several special issues submitted, the jury found that the loss was total; that appellee furnished proof of loss; same was furnished within 91 days after the fire; that appellee neither burned nor procured his house to be burned; that no remnant of the house was left.

On this verdict the trial court rendered judgment for appellee for $1,500, with 6 per cent. interest, the amount stated in the policy.

The insurance carrier, Home Insurance Company, of New York, has appealed and presents three propositions, namely: (1) The court erred in overruling its application for a continuance; (2) that, plaintiff being an interested party and the only wit-

ness on the issue of loss, the court erred in submitting to the jury the question of whether a total loss occurred, since the form of such issue called for the jury to pass upon a question of law, or a mixed question of law and fact; (3) that, since the evidence discloses that the plaintiff made no proof of loss as is called for in the policy, the trial court erred in refusing defendant's request for a peremptory instruction.

 The granting or refusing of a motion for a continuance is largely within the discretion of the trial court.

There being no record of the evidence introduced before the trial court, on the hearing of the motion, we are unable to say that the trial court abused his discretion, and hold that the findings made by the trial court must have been sustained by the evidence introduced.

Appellant had full information concerning the testimony of the three witnesses, in August, 1932, and knew, or should have known, that two of these witnesses were married women. Appellant could have learned, by the exercise of ordinary diligence, that all these witnesses lived outside of Denton county, and could have taken their depositions. The assignment of error is overruled.

The second proposition is multifarious, and does not present an intelligible proposition of law. Furthermore, there is no assignment of error to which it is germane.

We would be warranted in refusing to consider the proposition.

But, giving it consideration, we do not find an objection to the court's charge in the record. None such having been made by appellant, all objections have been waived.

The charge of the court, taken as a whole, is substantially correct.

The jury having found the issues submitted favorably to appellee, the court properly entered judgment thereon. The assignment of error is overruled.

There is no merit in the third proposition. The undisputed evidence established the fact that the house was completely destroyed by the fire. The amount agreed to be paid under the policy became a liquidated demand. This is provided for by the statutory law of Texas, and the policy of insurance carries the statutory provision. Article 4929, R. C. S. No proof of loss was required. Texas Jur. vol. 24, par. 278; American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162.

The agent who wrote the insurance policy testified to having been given notice of the fire and loss, immediately after the fire. He further testified to the facts establishing that a proof of loss was actually furnished. The jury found that all this was done. No bill of exceptions appears in the record attacking the evidence offered on these two issues. The jury in two distinct issues found that the property insured was totally destroyed. A liquidated demand was established by the undisputed evidence and these findings.

No error appearing in the record, the judgment of the trial court is affirmed.