**JONES v. LIBERTY MUT. INS. CO.**

No. 13944.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 8, 1939.

Rehearing Denied Oct. 6, 1939.

viving wife of a deceased employee, but the trial court overruled the claimant's motion for judgment on the verdict of the jury, and sustained the insurance carrier's motion for judgment notwithstanding the verdict, and no motion for a new trial was filed by the appellant as a predicate for her appeal.

The Supreme Court, in Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, in an exhaustive opinion by Mr. Justice Sharp, pointed out the necessity for the amended rules, as adopted by the Supreme Court on the date said opinion was handed down, towit, December 9th, 1936.

Under the present Rule No. 71a, and present Rule No. 24, we believe that the appellant is before this court without an assignment of error, or assignments of error, properly presented under the rules.

No proper assignment of error being before this court, and finding no fundamental error in the record, judgment of the trial court is affirmed. Lewis v. Lewis, Tex.Civ.App., 125 S.W.2d 375, writ refused.

On Motion for Rehearing.

We have considered carefully appellant's motion for a rehearing, and it is contended that fundamental error is shown.

First, the contention is made that, the verdict of the jury having been returned showing all findings in favor of appellant, judgment should have been rendered in her favor on the verdict, and, second, that it was likewise fundamental error to grant appellee's motion for judgment, notwithstanding the verdict.

The trial court was warranted in disregarding the verdict, if (a) there is no evidence to support the findings made, and (b) if the findings are contrary to the undisputed and uncontradicted evidence.

The judgment of the trial court expressly recites that the undisputed and uncontradicted evidence shows that appellant is not entitled to recover, and that the answers of the jury made to the three issues submitted have no support in the evidence. Thus it will be seen that, for appellant to show error on the part of the trial court, in rendering such a judgment, resort must be had to the statement of facts in order to make profert of sufficient evidence to warrant the submission of the issues and to support the answers thereto.

Charles T. Rowland, of Fort Worth, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

BROWN, Justice.

At the outset, we are confronted with proper objections to the appellant's brief, arising out of the fact that this case was tried to a jury.

A verdict was returned by the jury favorable to the appellant, who is the sur-

778

[5] The assignments of error which require us to search the statement of facts to ascertain whether or not they are well taken are not fundamental errors. Blackmon v. Trail, Tex.Com.App., 12 S.W.2d 967; 3 Tex.Jur., para. 574, page 817, and authorities cited under notes 8 to 14, inclusive.

Rule 71a, cited in the original opinion, which requires the filing of a motion for a new trial as a predicate for the assigning of errors in a jury case, is quoted in part by appellant to show certain exceptions to the rule, namely: "Unless the error complained of is fundamental * * * or a peremptory instruction is given in the case."

The very reason for the rule, as it relates to the giving of a peremptory charge, is based upon the fact that resort must be had to the statement of facts in order to ascertain whether or not the evidence warranted and required the submission of the cause to a jury. Had the Supreme Court felt that error should be assigned upon the granting of a motion non obstante veredicto, without the necessity of making a motion for a new trial, it would have so declared, as was done with respect to a peremptory instruction.

The motion for rehearing is overruled.