### ROSS et al. v. LANGEVER.
### No. 14621.

Court of Civil Appeals of Texas.
Fort Worth.
April 14, 1944.

Rehearing Denied May 19, 1944.

Smith, Holloway & Hudson, of Fort Worth, for appellants.

Frank R. Graves, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, J. J. Langever, is the owner of the premises involved herein, which is what is commonly known as a "Tourist Court", in which there are at least 22 rooms suitable for rental purposes, and appellants, E. C. and E. R. Ross, were tenants in possession of same under a written lease contract

dated May 15, 1940, which was terminated by its provisions on May 15, 1943, and the said tenants continued "to hold over" until the owner brought a suit in trespass to try title to recover possession.

The appellants answered by a general denial and plea of "not guilty", but specially answered as follows: alleging that the title to the real estate involved is not in question and that the title thereto is vested in appellee, and that the sole and only purpose of the suit is for the possession thereof, and that appellants plead the following defense. That the Congress of the United States heretofore enacted what is known as "The Emergency Price Control Act" 50 U.S.C.A.Appendix § 901 et seq.; that the premises involved in the suit at bar come within the provisions of the Act; that appellee, the landlord, has failed and refused to comply with the provisions of such Act; that appellants are tenants who are holding over after the expiration of their written lease; that the suit is prosecuted for the sole purpose of evading the Federal rent regulations.

Appellants requested and were given a jury, and four (4) issues were submitted to the jury, viz., (1) How many rooms are in this tourist court that are reasonably suitable for rental purposes, to which the jury answered, 22; issues 2, 3 and 4 were not answered. They are: (2) Is the plaintiff in good faith seeking to obtain possession of the premises for the purpose of personally operating them, or operating same through his employees? (3) Is the plaintiff seeking to obtain possession of the premises for the purpose of renting same to some tenants other than appellants? and (4) Is the plaintiff seeking to obtain possession of the premises for the purpose of obtaining a higher rental therefor?

In this state of the record, appellee moved the trial court to render judgment notwithstanding the fact that the jury had not answered all issues submitted, and the court rendered judgment, in substance, as follows: That it appearing from plaintiff's petition that the suit is one in trespass to try title against the named defendants, and it further appearing "both from defendant's pleadings herein and from the undisputed evidence upon the trial of this cause, that the title to the real estate here involved is vested in the plaintiff", that defendants went into possession in 1940 under a written lease that expired in May, 1943, since when no new lease agreement has been made, but that plaintiff has demanded possession, and is entitled thereto, the court being of opinion that the property involved "does not come within the scope of the Maximum Rent Regulations", and judgment was awarded appellee as prayed for.

The defendants have appealed and present nine points that are briefed in two groups.

Points 1, 2, 3 and 4 are: error in denying the defendants the right of a jury trial; error in rendering judgment without the intervention of a jury; error in rendering judgment on motion of the plaintiff; and error of the court in rendering judgment upon the pleadings and without hearing evidence after defendants had put in issue every fact pleaded by the plaintiff, in that defendants pleaded a general denial and not guilty.

We find no merit in any of the four points first presented.

It is true that the defendants pleaded a general denial and "not guilty", but such pleading was immediately followed by an admission that the title was vested in plaintiff and was not in issue and that the only issue was the right of possession, and defendants pleaded as their only right to possession the provisions of "The Emergency Price Control Act" passed by the Congress of the United States.

There is no statement of facts in the record before us. The judgment of the trial court speaks in part of "the undisputed evidence" heard upon the trial, and the incomplete verdict shows that the trial court submitted to the jury four issues of fact for determination. None was requested and refused, so far as this record discloses. Without a statement of facts, we have no way of knowing what evidence was adduced at the trial and the burden rests upon appellants to show this court that the judgment of the trial court was not warranted by the evidence.

If this Federal "Emergency Price Control Act" or any "Regulations" promulgated under it was introduced in evidence there is nothing in the record to so advise us.

We may take judicial notice of "The Emergency Price Control Act" passed by the Congress of the United States in the year 1942, but whether or not we may take judicial notice of the "Regulations and Orders" of the Price Administrator "as in his judgment will be generally fair and

equitable and will effectuate the purposes of this Act" (meaning the Emergency Price Control Act), we do not here decide; but, assuming that we may do so, it is our opinion that the facts in this case do not bring it within the terms and provisions of the "Regulations and Orders" made by the Price Administrator.

The purpose of the said Act, to our way of thinking, is to protect the individual citizen who is compelled to secure a place in which to live against unfair rental charges, during the war emergency, and not to secure to some lessee or renter of a hotel, rooming-house, tourist court, or any other building, used for the purpose of letting a part of the premises to individual renters, a continuation of his right to rent the whole premises, after his rental contract has expired.

Paragraph b of the Regulations promulgated by the Office of Price Administration provides that the regulations do not apply to: "(4) Entire structures or premises used as hotels or rooming houses, as distinguished from the rooms within such hotels or rooming houses."

In defining a rooming house, the regulations say: "(14) The term 'rooming house' means, in addition to its customary usage, a building or portion of a building other than a hotel in which a furnished room or rooms not constituting an apartment are rented on a short time basis of daily, weekly, or monthly occupancy to more than two paying tenants not members of the landlord's immediate family.

The term includes boarding houses, dormitories, auto camps, trailers, residence clubs, tourist homes or cabins and all other establishments of a similar nature.

Because of the quoted provisions of the "Regulations", it is apparent to us that the Act and Regulations promulgated under the Act do not apply to the premises and situation relating thereto, as shown by this record.

The five (5) remaining points present nothing but variations of those set out in the first four (4), the substance being that the trial court erred in ignoring and disregarding the defenses and in holding that the "Rent Regulations" pleaded by the defendant constitute no defense to plaintiff's suit.

Finding no error, the judgment is affirmed.