## NORWOOD v. BAYSHORE BUS LINES, Inc.

### No. 11795.

Court of Civil Appeals of Texas. Galveston.

July 25, 1946.

Rehearing Denied Oct. 3, 1946.

Durno & Compton, of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, John C. Williams, and James C. Watson, all of Houston (James C. Watson, of Houston, of counsel), for appellee.

GRAVES, Justice.

This appeal, in a personal injury suit brought by the appellant against the appellee for damages resulting to him from a claimed assault alleged to have been made upon him by appellee's "agent, servant and employee", who operated one of its buses, is from a judgment of the court below, after a jury's verdict in response to special issues had been returned, overruling appellant's motion to enter judgment upon such verdict in his favor, and granting, instead, the appellee's motion in its favor against appellant, non obstante veredicto.

The appeal is before this court without a statement of facts, this court having heretofore, for what it deemed good and sufficient reasons, to-wit, that the filing of the statement of facts within the time required by law is mandatory, pursuant to such authority as Parsons v. West, Tex.Civ.App., 159 S.W.2d 224, having refused the appellant's motion for permission to file a tendered statement of facts therein.

In such a setting, the cause has been submitted here upon briefs and oral arguments for both sides, the appellant declaring upon a number of stated points of error, but, in connection therewith, conceding that, to quote the language of his brief, "we think the only issue involved in this appeal is the question of agency which will be discussed by grouping the hereinafter set-out points germane to this issue".

He then proceeds to ground his presentments to this court upon the position that the trial court had erred in its holding that a directed verdict would have been proper at the close of the appellant's evidence and when appellant had rested, because, it is asserted, the statement of facts "reflects ample support of evidence on the question involved in these points, which shows that, at the time and on the occasion in question, the operator of the bus was regularly employed by appellee, that he was a regular operator over the route appellant was traveling on the occasion in question, * * *," and concluding as follows: "All of these facts and circumstances, we think, clearly raise the questions of apparent and ostensible agent and scope of employment, which were submitted to the jury."

It thus appears that, despite the absence here of a statement of facts, as indicated, the appellant grounds his whole appeal upon what the statement of facts shows the evidence to have been; obviously, in such circumstances, the well settled rule is that the appellate court must assume that there was sufficient support for the judgment rendered below; Parsons v. West, Tex.Civ.App., 159 S.W.2d 224; Southwestern Paper Co. of Dallas v. Campbell, Tex.Civ.App., 97 S.W.2d 520, writ of error dismissed; Pugh v. Pugh, Tex.Civ. App., 167 S.W. 312, no writ; Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Southern Pine Lumber Co. v. Smith, Tex.Civ.App., 183 S.W.2d 471; Ross v. Langever, Tex.Civ.App., 180 S.W.2d 478, writ refused for want of merit; Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 533; Chancey v. Dayton-Goose Creek Ry. Co., Tex.Civ.App., 287 S.W. 129; Robinson v. Lynch Davidson & Co., Tex. Civ.App., 1 S.W.2d 677, writ of error dismissed; Blackmon v. Trail, Tex.Com.App.,

12 S.W.2d 967; Kent v. National Supply Co., Tex.Civ.App., 36 S.W.2d 811, writ of error refused; Jones v. Liberty Mutual Co., Tex.Civ.App., 131 S.W.2d 776, writ of error dismissed, judgment correct.

Appellant, however, contends that the motion itself of the appellee for the judgment notwithstanding the verdict so awarded in its favor contained "sufficient facts and admissions, which admit that one Callaway was at the time and on the occasion in question operating one of appellee's buses, and that there was an assault made upon appellant by Callaway, all of which facts were submitted to the jury in the court's charge and by special issues, which are also contained in the transcript; "In view of these admissions of fact and the findings of the jury, appellant contends that the trial court erred in granting appellee's motion for judgment non obstante veredicto, for the reason that the facts submitted to the jury, which are contained in appellee's motion, were sufficient to raise a question of fact, and that, after the jury had found the same in favor of appellant, the trial court erred in granting appellee's motion non obstante veredicto."

Indeed, it is clear that appellant's contentions for fundamental error get down to this one presentment: that the appellee's motion itself so rendered the trial court's claimed error fundamental to the extent that it was thereby made plain upon the face of the record.

This court is unable to see eye to eye with him in this position, concluding rather, from a close examination of the motion, that no such admissions or recitations of facts—material to the point of view of appellant—exist; it simply charged in paragraphs (a) to (i), inclusive, in material substance, (1) that there was no evidence that Callaway (the man appellant charged had beaten him up in a fight on the bus) was acting in the course and scope of his employment, if any, as the agent, servant, or employee of the appellee, at any time between the time appellant boarded the bus and the time the alleged assault concluded —on the contrary, that all probative evidence established that Callaway was not so acting during any of such time; (2) that, further, all the probative evidence showed that Callaway stepped aside from the scope of any employment (if in fact he was ever acting in such capacity for the appellee at any time), in having stopped the bus and left its wheel, immediately before the claimed assault began; (3) that, at most, all of appellant's testimony on that feature merely raised a rebuttable presumption in respect to any such employment, which was overcome by positive evidence from the appellee showing that Callaway had not acted in the course and scope of any employment for it, thus leaving no evidence of probative force that he had ever been acting in any such respect in its behalf; further, (4), that there was no evidence to the contrary, and all probative evidence established that Callaway throughout the incident had been acting "wholly for a purpose of his own as a result of the personal resentment of the statement made by appellant just prior thereto"; finally, (5) that there was no evidence of probative force to establish that the appellee breached any duty owed by it to appellant on the occasion in question.

In other words, an appraisal of the motion demonstrates that appellant, in attacking the judgment of the trial court sustaining it, would necessarily have to go outside the record brought here in attempting to show that there was evidence of probative force sufficient to establish that he had had a fight on a bus owned or operated by the appellee with one of its employees, acting within the course and scope of his employment and that such fight resulted in damages to him. That is a far cry from showing, as contended, that fundamental error was apparent upon the face of the judgment rendered.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require that the judgment be affirmed; it will be so ordered.

Affirmed.

## On Motion for Rehearing.

On rehearing appellant strongly contends that this Court's original judgment of affirmance herein was erroneous:

(1) In that the permission to file the statement of facts beyond the period allowed by Rule 386, Texas Rules of Civil Procedure, is discretionary with the courts, instead of mandatory, as it held, citing Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, by the Supreme Court of Texas as so holding.

(2) That, notwithstanding the former holding to the contrary, the record herein does reflect sufficient facts, by way of admissions and statements made in the appellee's motion for judgment non obstante veredicto, to form a proper basis for the contentions he originally presented here upon the underlying facts in evidence upon the trial.

(3) That the trial court improperly submitted the two special issues it gave to the jury in the case, wherein it propounded questions of law to them, rather than issues of fact, touching upon whether or not the man Callaway left the scope of his employment for the appellee when he stopped the bus, got from under the wheel, and assaulted appellant.

None of these presentments, it is determined, should be sustained.

■ As concerns the first one, appellant misconstrued the holding of the Supreme Court in the Parks v. Purnell case, so cited and relied upon by him, as well as the plain recitations, by proviso, in both rules 386 and 437 of the Texas Rules of Civil Procedure. In such provisions it is clearly specified that the 75 days' time therein allowed is mandatory, jurisdictional, and may not be extended by the court. Wherefore, the parties themselves could not change the imperative duty therein laid upon the courts.

While neither of the parties hereto cites that case, the precise question, on the legal equivalent of the same state of facts here obtaining, was by this court decided adversely to appellant's contentions in Jennings v. Fredericks et al., on July 19 of 1945, reported in 190 S.W.2d 707, in which a writ of error was thereafter unconditionally refused by the Supreme Court.

It would serve no needful purpose to again discuss the question of whether or not the appellee made any material admissions in its motion for judgment non obstante veredicto, tending to show any ostensible or apparent agency of Callaway for it on the occasion giving rise to the suit, since no sustainable ground for now holding differently upon that inquiry has been presented.

■ As concerns the attempt to complain here of the special issues submitted during the trial by the court below, the record shows that no such objections thereto were submitted to the trial court at that time, hence appellant may not initiate such complaint on appeal. Home Ins. Co. v. Williams, Tex.Civ.App., 84 S.W.2d 876, writ of error dismissed; City of Winters v. Bethune, Tex.Civ.App., 111 S.W.2d 797, writ of error dismissed; Federal Underwriters Exchange v. Stricklin, Tex.Civ. App., 151 S.W.2d 612, writ of error dismissed, judgment correct. ·

Motion for rehearing refused.