G., C. & S. F. R'y Co. v. W. B. LOCKHART.

(No.

APPLICATION FOR MANDAMUS from Galveston County. Opinion by the COURT.

J. W. TERRY and CHAS. K. LEE, counsel for appellant.

WM. B. LOCKHART, counsel for appellee.

§ 297. *Bills of exception; mandamus to compel judge to certify, will not issue when.* While it is required by the statute [art. 1306, R. S.] that the jury be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person on any subject connected with the trial, still it has been held that the dispersion of the jury over night, without permission of the court, is not a sufficient ground for a new trial. [Burns v. Paine, 8 Tex. 159; Edrington v. Kiger, 4 Tex. 89.] Some injury should be shown on account of such act of dispersion in order to entitle the party to the new trial sought on that ground. The application for *mandamus* does not show that applicant proposes to establish the fact that he would have been injured by the dispersion of the jury. Our statute requires that bills of exception should be reserved at the time of the alleged erroneous act of omission or commission on the part of the court. [R. S., art. 1358.] They may, however, be reserved, and presented to the court within ten days after the conclusion of the trial. [Art. 1363.] In this case the party did not reserve an objection at the time of the supposed omission, nor did he call it to the attention of the court until at least a month or more after the trial by the jury, and then in an amended motion for new trial. In connection with the overruling of said motion for new trial, he demanded that the court should give him a bill to the supposed failure to caution said jury, certifying as a fact that he had

not cautioned the jury. This the court declined to do. The dispersion of the jury without caution from the court under provisions of article 1306, if it was a fact at all, could have been proven like any other fact that may have occurred during the trial. It might have been proved by the jurors, by any by-stander, or by the court, or any person who was cognizant of such fact. The judge who tried this cause has appeared before this court in answer to the petition herein filed for *mandamus*, and he states that he cannot now certify positively as a fact either that he did or did not caution the jury at the time they were allowed to disperse, though he says his impression is that he did not so caution them, inasmuch as this same jury had tried other cases during the same term, and that, therefore, when permitted to disperse, they had been cautioned by him under the requirements of the statute. We are of opinion, after a due consideration of the law and facts of this case, and under the peculiar circumstances attending same, that the applicant is not entitled to the writ of *mandamus* to compel the county judge to now prepare, certify and file a bill of exceptions in the matter complained of. The application fails to show proper diligence at the proper time to secure such bill. It is not necessary to a consideration of the question of injury *vel non* arising from the dispersion of the jury that the facts be embodied in a bill of exceptions. It would be equally as efficacious if it be made to appear by a certified statement of the facts manifesting such attendant facts and circumstances. [Sayles' St., art. 1372, notes 3 and 4.]

    March 5, 1892.                    *Mandamus* refused.