JOHN REDMOND V. THAD. W. SMITH ET AL.

Decided December 13, 1899.

**1. Jurisdiction—State and Federal Courts—Resident Foreign Consuls.**

The State courts have jurisdiction of actions against consuls, since the Federal Constitution and statutes do not expressly declare the Federal jurisdiction in such cases to be exclusive.

**2. Principal and Surety—Jurisdiction.**

Where, in an action on a note signed by several persons as principals, all jointly and severally bound alike, the plea of one of them to the jurisdiction was sustained, it was error for the court to dismiss the action as to the others upon their plea that they were sureties for the first one, since the question of suretyship was between the defendants, and not between them and plaintiff.

**3. Same—Plea of Suretyship—Evidence Necessary.**

Where a defendant is sued on a note binding him as a principal, it is error to sustain his plea of suretyship without any proof being made thereof.

APPEAL from the County Court of Bexar. Tried below before Hon. PETER JONAS.

*Geo. B. Taliaferro* and *Chas. H. Bertrand,* for appellant.

*Paschal & Ryan,* for appellees.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by appellant against appellees, Thad W. Smith, P. Ornelas, Juan E. Barrera, and Oscar Bergstrom, upon a promissory note made and signed by each of them as principals for $550. The note is dated August 16, 1898, and is made payable to Redmond six months after its date.

Ornelas pleaded, in abatement to the jurisdiction of the County Court, that he is and has ever been a citizen of the Republic of Mexico; that he is not and hath never been a citizen of the United States nor of the State of Texas; that he is and hath been for more than ten years past the duly accredited consul of the Republic of Mexico at San Antonio,

Texas, and that therefore he is not subject to the jurisdiction of the court wherein sued.

Subject to this plea, he answered that he signed the note sued on as surety for his codefendants, and prayed that, in the event of a recovery by plaintiff, execution should be directed and first levied on their property.

Thad Smith answered that he was surety on the note for Ornelas, who is the principal.

Barrera, that he signed the note as surety for Smith and Ornelas, who are principals.

Bergstrom, not having been personally served, did not appear nor answer.

The court, upon evidence establishing the facts pleaded by Ornelas, sustained the plea and dismissed the action as to him. Then, without hearing evidence on the pleas of suretyship of the other parties, dismissed the suit as to all of them.

The action of the court in sustaining Ornelas' plea to its jurisdiction, and in dismissing the suit, is assigned as error by appellant.

By the Constitution of the United States (part of section 2 of article 3) their judicial power extends to all cases affecting ambassadors, other public ministers, and consuls; and the judiciary act of September 24, 1789, section 9 (1 Stats., 76), gave to the district courts of the United States, exclusive of the courts of the several States, jurisdiction of all suits against consuls and vice-consuls, except for certain offenses mentioned in the act.

In Osborn v. Bank, 9 Wheaton, 738, Chief Justice Marshall distinctly expressed the opinion, so strongly contended for by him in Marbury v. Madison, 1 Cranch, 137, that the original jurisdiction granted to the Supreme Court is exclusive and can not be given by Congress to any other tribunal.

But by subsequent opinions of the Supreme, Circuit, and District courts of the United States, the constitutionality of the act conferring jurisdiction on the district court in cases affecting consuls and vice-consuls has been sustained. Bors v. Preston, 111 U. S., 252; Claflin v. Housman, 93 U. S., 130; Davis v. Packard, 7 Pet., 281; Gettings v. Crawford, Taney, 1, 10 Fed. Cas., 447 (Case No. 5465); Froment v. Duclos, 30 Fed. Rep., 385; Pooley v. Luco, 72 Fed. Rep., 561.

Section 711, Revised Statutes of the United States, as originally enacted, declared: "The jurisdiction vested in the courts of the United States, in cases and proceedings hereinafter mentioned, shall be exclusive of the several States. * * * Eighth. Of all suits or proceedings against ambassadors or public ministers or against consuls and vice-consuls." By the Act of February, 18, 1875 (18 Stats., 36), entitled "An act to correct errors and supply omissions in the Revised Statutes of United States," section 711 was amended by striking out subdivision 8. Rev. Stats. of 1878, sec. 711, 2 Desty's Fed. Proc., 9 ed., sec. 225. Prior to this amendment, as was generally held, State courts had no jurisdic-

tion of such cases, because the jurisdiction of such courts was expressly excluded by the act.

But section 687 of the Revised Statutes of the United States, 1878 (second edition), which took effect on December 1, 1873, provides that the Supreme Court "shall have exclusively all such jurisdiction of suits or proceedings against ambassadors, or other public ministers, or their domestics or servants, as a court of law can have consistently with the law of nations; and original, but not exclusive, jurisdiction of all suits brought by ambassadors, or other public ministers, or in which a consul or vice-consul is a party."

And section 563, that "the district court shall have jurisdiction as follows: * * * of all suits against consuls or vice-consuls, except for offenses above the description aforesaid." Clause 14 of said section.

This clause was by the Supreme Court, in Bors v. Preston, 111 U. S., 261, held constitutional.

Thus it seems that jurisdiction of suits against consuls and vice-consuls is by the clause of the section quoted given to the Federal district courts. Does this jurisdiction exclude that of State courts in like causes?

In annotating clause 14 of section 563, Gould and Tucker, in Notes on the Revised Statutes of the United States, say: "By repeal of clause 8 of section 711, by 18 St. 316, chapter 80, the United States courts have no longer exclusive jurisdiction, the State courts being thereby given concurrent jurisdiction," and cite Froment v. Duclos, supra, as sustaining this proposition.

In Gettings v. Crawford, supra, it is said by Chief Justice Taney: "If the arrangement and classification of the subject of jurisdiction into appellate and original, as respects the Supreme Court, do not exclude that tribunal from appellate power in the cases where original jurisdiction is granted, can it be right, from the same clause, to employ words of exclusion as respects other courts whose jurisdiction is not thereby limited or prescribed, but left for future regulation of Congress? The true rule in this case is, I think, the rule which is constantly applied to ordinary acts of legislation, in which the grant of jurisdiction over a certain subject matter to one court does not, of itself, imply that that jurisdiction is to be exclusive." This language is quoted with approval by the Supreme Court in Bors v. Preston, supra.

Again, in the same case, Chief Justice Taney says: "The State courts are not and can not, from the nature of our institutions, be excluded from all jurisdiction in such matters, and the grant of power to the courts of the United States has never been held to exclude them." And that "a consul is not entitled, by the laws of nations, to the immunities and privileges of an ambassador or public minister. He is liable to civil suits, like any other individual, in the tribunals of the country in which he resides."

In the case of Wilcox v. Luco, 118 California, 639, it is held by the Supreme Court of California that the amendment of section 711, Re-

vised Statutes of United States, removing from the statutes the express provision that the jurisdiction of the Federal courts in suits and proceedings against consuls should be exclusive of the courts of the several States, Congress must have intended to declare that such jurisdiction should no longer be exclusive, unless it was made exclusive by the Constitution itself, or by other existing legislation. The court, in the opinion, then proceeds to demonstrate that there is no express declaration by Congress that such jurisdiction is exclusive, and that the Constitution does not declare a consul exempt from the jurisdiction of State courts, but only affirms that the judicial power of the United States shall extend to all cases affecting consuls and vice-consuls. That it is for Congress to determine the mode by which a consul may invoke the jurisdiction conferred by the Constitution of the United States, and that if a consul is sued in a State court, he can, in addition to any defense that he has to any action set up against him, by virtue of section 709 of the Revised Statutes of the United States, avail himself of his right under the Constitution to have the matter determined by the courts of the United States, by having the judgment, if adverse to him, reviewed by the Supreme Court, and thus fully enjoy the rights given him by the Constitution.

We conclude therefore, upon principle and authority, that the jurisdiction conferred by the Constitution and statutes of the United States in cases affecting consuls, is not exclusive of the jurisdiction of the courts of the several States of the Union, and that the trial court erred in sustaining Ornelas' plea to its jurisdiction, and dismissing the cause.

From this action of the court being error, it follows that it erred in dismissing the suit as to the other defendants. Had, however, the court been correct in sustaining the plea to its jurisdiction of Ornelas, still it would have been in error in dismissing the suit as to the other defendants. Upon the face of the note all the parties appeared as principals, and as such they were obligated to the payee, severally as well as jointly, for the amount due by the note, and it was only among themselves that the question of suretyship obtained, and the plaintiff was not directly affected by it, and had the right to proceed against all the other makers, had it have had no jurisdiction of Ornelas. But if the court had been correct in holding as a matter of law that it had no jurisdiction of any of the defendants because each had pleaded he was a surety for Ornelas, of whom the court held it had no jurisdiction, still it would have been in error in dismissing the cause as to such defendants without hearing evidence to determine the question of suretyship.

For reason of the errors indicated, the judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*