### A. HEIDENHEIMER V. H. TANNENBAUM.

Decided May 9, 1900.

**1. Procedure—Delay in Filing Motion—Error Not Waived.**

A motion to strike out a statement of facts because not prepared in accordance with the rules will not be disregarded because not filed within the time required; it is the duty of the appellate court to enforce the rules without motion.

**2. Statement of Facts—Disregard of Rules—Striking Out.**

See opinion for violation of the rules in regard to preparation of statement of facts held sufficiently flagrant to require that it be struck from the record.

**3. Errors Not Considered in Absence of Statement of Facts.**

Neither the sufficiency of the evidence nor error in rulings on introduction of evidence or in overruling motion for new trial on account of newly discovered evidence, can be considered in the absence of a statement of facts.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*James B. & Chas. J. Stubbs,* for appellant.

*Lovejoy, Sampson & Malevinsky* and *J. S. Wheeles,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued appellant for a balance alleged to be due for personal services rendered and certain sums of money expended by appellee for appellant under an alleged contract. The services were rendered in reference to the settlement and collection of certain claims against several fire insurance companies, growing out of the loss by fire in 1890 of an oil mill in Galveston.

Appellant's answer, in addition to a general denial, averred that the contract between the parties was embodied in certain letters that passed between them, by the terms of which contract $1250, the principal item in the plaintiff's petition, was contingent upon decisions favorable to appellant in four suits against four different insurance companies, and that one of said suits had resulted adversely to appellant; and therefore, his liability to appellee for services rendered in reference to said suits was $1250, which had been paid, and not $2500 as alleged by appellee. All other claims asserted in the petition were denied, with the exception of disbursements amounting to $391.35 as court costs and stenographer's fee, for which the answer admits appellant's liability and makes a tender thereof.

There was a verdict and judgment for appellee for $2692.60. Appellant's motion for a new trial was overruled and the case has been brought up by appeal.

In this court appellee submits a motion to strike out the statement of facts, because the same has not been prepared in the manner prescribed by the rules.

Resisting this motion, appellant contends, in substance, that the motion is subject to rule 8, and as it was not filed forty-eight hours before 10 o'clock on the day on which the case was set for hearing, it comes too late, and the matters therein complained of are to be considered as waived; and also contends there has been no such violation of the rules as to justify striking out the statement of facts.

We are of the opinion that the matters called to our attention by the motion are not such as may be waived under rule 8, and that this court of its own motion can strike out the statement of facts for a failure to comply with the rules in reference thereto. The objections urged in the motion are fully borne out by an inspection of the transcript. For instance, the following documents are copied twice in the statement of facts: Letter from Heidenheimer & Bros. to M. Tannenbaum, dated October 17, 1891, on page 70 of the transcript, and repeated on pages 159 and 160; letter from M. Tannenbaum to Heidenheimer Bros., dated October 28, 1891, on pages 71 to 73 of the transcript, repeated on pages 121 to 123, and repeated again on pages 160 to 163. On pages 45, 46, and 47 of the transcript is a copy of an agreement by which a suit against the Mutual Fire Insurance Company was settled. It does not appear that there was any controversy about the fact of this settlement, and the substance of this agreement might have been stated in a few lines; yet it is not only set out in full, as stated, but is repeated again on pages 97, 98, and 99 of the transcript. On pages 52 to 63 appear certain instruments of writing, one being a transfer from A. Heidenheimer to A. Heidenheimer and Meyer Baumen, executors, etc., and the other a transfer by said executors to the First National Bank of Galveston. These instruments do not appear to have any bearing upon any question at issue in this appeal, and yet they are again set out in full in the statement of facts on pages 101 to 110 of the transcript. On pages 64 to 69 appear

two powers of attorney, copied in full, one from the Texas Standard Oil Company to M. Tannenbaum, and the other from Meyer Baumen, executor, to M. Tannenbaum. These same instruments are again copied in full in the statement of facts on pages 134 to 139 inclusive.

It is true, as stated by counsel for appellant, that most of this duplication results in part from the fact that appellee's depositions were taken twice,—were both put in evidence by him, and the instruments referred to were attached to and made part of his answers to interrogatories. These facts, however, did not relieve appellant in the preparation of the statement of facts from condensing the testimony of the witnesses and eliminating therefrom all repetition and duplication. Some of these instruments should not have been copied in the statement of facts at all, but their substance and effect stated in condensed form; and certainly there can be no excuse for copying any of them more than once, yet they are all duplicated, and in one instance the same letter is copied three times. Not only this, but as to one deposition the jurat of the officer taking the same is incorporated in the statement of facts; and as to several of the written documents, the official authentications thereof are set out in full, while the question of their proper authentication is not involved in the appeal. Again, although appellant in his answer admitted his liability for the sums alleged to have been disbursed by appellee for court costs and stenographer's fees in the suits against the insurance companies, appellee's testimony proving up those items is set out in detail in the statement of facts. When the latter was prepared, it was known by appellant that no question relating to the correctness of these items could be presented on appeal; and therefore the evidence in support of them should have been omitted.

It is also true, as urged in the motion, that the testimony given by the witnesses could have been materially condensed in the statement of facts; but it may be that this latter omission, considered alone, is not such a gross violation of the rules as to justify striking out the statement of facts; but, considering all the matters referred to, it is manifest to us that in the preparation of the statement of facts the rules governing such matters have been flagrantly violated. Rules 72 to 78, inclusive. And as appellant has not shown that he prepared a proper statement of facts which he was unable to get agreed to or approved, we deem it our duty, as authorized by rule 53, to sustain the motion to strike out. If the statement of facts had been made by the judge and not agreed to by appellant, a different conclusion might be reached; but when an appellant agrees to a statement of facts, he makes himself responsible for the manner in which it has been prepared, and if the rules in reference thereto have been flagrantly violated, he is not entitled to have such statement considered. Caswell v. Hopson, 43 S. W. Rep., 547; Brown v. Vizcaya, 54 S. W. Rep., 636; Railway v. Flanary, 45 S. W. Rep., 214. We are mindful of the fact that in Oriental Investment Company v. Barclay, 55 Southwestern Reporter, 1111, the Supreme Court reversed the ruling of the Court of Civil Appeals for the Fifth District striking

out a statement of facts for violation of the rules referred to. From the meager report of the case it is not made to appear that the violation of the rules in that instance was so flagrant as in the case at bar; and therefore we shall not treat the decision in that case as controlling in this. The motion to strike out the statement of facts will be sustained.

Without a statement of facts to look to, we are unable to see that any of the assignments point out reversible error. If error was committed as to the introduction of testimony, it may be abstract error, because the facts sought to be established thereby may have been proved by other uncontroverted testimony. So in reference to the motion for a new trial. Not being permitted to consider the statement of facts, of course no question can be considered as to the sufficiency of the evidence to support the verdict; nor can it be said that the court should have granted a new trial on account of the newly discovered evidence. Without a statement of facts, the probable effect of such evidence upon another trial is not made to appear.

No reversible error has been pointed out, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.