## CURREY v. KRAUSE.

### No. 4563.

Court of Civil Appeals of Texas. Amarillo.
March 2, 1936.

Rehearing Denied March 30, 1936.

Will G. Barber, of San Marcos, and J. R. Fuchs, of New Braunfels, for appellant.

Julius Schleyer, of New Braunfels, and Walter Groce and Eskridge & Groce, all of San Antonio, for appellee.

HALL, Chief Justice.

The appellant, W. B. Currey, filed this suit to recover damages on account of injuries alleged to have been sustained by his wife as the result of falling down a stairway of a building owned by the appellee, Mrs. Krause, and used as an office building in the town of New Braunfels.

The two grounds of negligence upon which recovery was sought are that appellee was negligent in permitting the edge of the step on which appellant's wife slipped and fell to become slick and smooth and slippery, and further in failing to equip the same with nonskid safety appliances.

In response to special issues, the jury found that the step was reasonably safe for use by appellant's wife; that appellee was not negligent in failing to equip the step with nonskid safety appliances; that the injuries were the result of an unavoidable accident; that appellant's wife was not guilty of contributory negligence. Notwithstanding these findings, the jury also found in appellant's favor for the sum of $1,500 damages. The prayer was for $10,000. Other items of damages were found, including $306.50 for hospital fees, $600 physician's fee, and $209.55 drug bill.

Based upon these findings of the jury, the court entered judgment in favor of the defendant, appellee herein.

The appellant brings the case here upon assignments and propositions seeking a reversal of the judgment because of the misconduct of the jurors and of the statement by the trial judge made while the motion for new trial was being heard.

It appears from the testimony introduced at the hearing that there was some discussion as to the amount of damages which would be awarded. Some of the jurors thought they had to give the whole amount of $10,000, but later concluded they were not bound to award damages in that amount, and they finally agreed upon $1,500. Platz and Denmark, the only two jurors who testified upon the hearing, said that before the verdict was finally agreed upon, statements had been made (according to Denmark) by at least half of them that it made no difference how they answered the other issues so long as they awarded the plaintiff damages. It was not denied that Platz first made that statement. He advised the other jurors to the effect that since the jury had already awarded damages, and had agreed to give damages and agreed upon the amount, it would be immaterial how the other questions were answered.

The testimony taken upon the hearing of the motion for new trial is incorporated in a bill of exceptions, signed by the court, copied into the transcript, which states that both parties appeared by attorneys, the evidence was heard in open court, etc. However, there is no statement of facts showing the testimony upon which the jury based their verdict.

It may be admitted that the evidence taken upon the hearing of the motion for new trial is sufficient to show misconduct on the part of the jury and of the court, but the failure to have a statement of facts showing the evidence introduced upon the trial of the case on its merits will prevent us from considering the propositions urged by appellant. This question has been frequently decided adversely to appellant's contention. It was first decided in the case of Dennis v. Neal (Tex.Civ.App.) 71 S.W. 387, 388, in which a reversal was sought upon the ground that the jury had been guilty of misconduct. Judge Streetman, delivering the opinion of the court, said: "In the absence of a statement of facts, it cannot be ascertained that any injury was occasioned on this account, because the evi-

dence may have been of such character as would have authorized a peremptory instruction."

Following the decision in Dennis v. Neal, the Austin Court of Civil Appeals, in Day v. Gulf, C. & S. F. R. Co., 297 S.W. 501, 502, had a record before it without a statement of facts, and the appellee objected to a consideration of the assignments of error and propositions based on alleged misconduct of the jury. The court held that such assignments could not be considered in the absence of a statement of facts, saying:

"Only the testimony of the jurors in the hearing upon the motion for a new trial accompanies the record. And we are met at the outset with the contention of appellee that, in the absence of a statement of facts and of fundamental error, we can only affirm the trial court's judgment, because, even if misconduct of the jury be conceded, we have no way of knowing that the appellant was injured, for the reason that the judgment entered may have been the only judgment that could have been rendered under the evidence.

"It has been uniformly held that questions relating in any manner to the evidence, its legality, sufficiency, admission, or exclusion, to rulings by the trial court on special exceptions to pleadings, to the submission of issues, or to the giving or refusing of charges, will not in the absence of a statement of facts be considered on appeal. See article 2243, Vernon's R.S.1925, and numerous annotations thereunder. And, in the absence of same, every reasonable presumption must be indulged consistent with the pleadings to support the judgment. Parrish v. Parrish (Tex.Civ.App.) 280 S.W. 901 and cases there cited. In Dennis v. Neal (Tex. Civ.App.) 71 S.W. 387, though the record was subsequently perfected by bringing forward the statement of facts, a consideration of which reversed the original disposition of the appeal, Judge Streetman of this court announced the following:" which we have quoted above.

In the Day Case, the court further quoted at length from Williams v. Brice (Tex. Civ.App.) 108 S.W. 183, and says: "This may be a harsh rule, and in some cases doubtless works hardships and considerable additional expense to appellants, but we accept it as already established. Finding no fundamental error in the record, we affirm the judgment of the trial court."

According to the general rule, very few errors which are not fundamental may be considered in the absence of a statement of facts. This rule has been applied by the Supreme Court in San Antonio & A. P. Ry. Co. v. Moore, 75 Tex. 643, 13 S.W. 295, holding that assignments of error, based on improper argument, could not be considered in the absence of a statement of facts.

In Heidenheimer v. Tannenbaum, 23 Tex. Civ.App. 567, 56 S.W. 776, the Austin Court of Civil Appeals held that in the absence of a statement of facts it could not say that the trial court erred in refusing to grant a new trial on account of newly discovered evidence.

It is rarely ever the case when the appellate court can determine whether or not discussion of matters by the jury constitutes reversible error because, in the absence of a statement of facts, it cannot be definitely stated that the misconduct was with reference to a material matter.

R.S. art. 2234 provides: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material."

So, without a statement of facts, this court is not able to say that the misconduct is material.

For the reasons stated, the judgment is affirmed.