**HOLMES et al. v. LAWRENCE et al.**

No. 10328.

Court of Civil Appeals of Texas.
San Antonio.

June 15, 1938.

Rehearing Denied July 20, 1938.

E. P. Lipscomb, of San Antonio, for appellants.

Birkhead, Beckmann, Stanard & Vance, of San Antonio, for appellees.

SLATTON, Justice.

This suit was instituted in the Thirty-seventh District Court of Bexar County by Mrs. Ivy Holmes, a widow, Mrs. Lillie June, joined pro forma by her husband, R. C. June, Mrs. Susie Blevins, joined pro forma by her husband, Jesse Blevins, Tom Lee Holmes and Jack Holmes, minors, by and through Mrs. Blevins and her husband, as next friend, against T. M. Lawrence, Jr., doing business under the trade name of Lawrence McFarland Company, and Paul Burgess.

The suit was to recover for the death of John Harrison Holmes, alleged to have been killed on August 14, 1937, by a motor truck owned and operated by appellees. The suit was filed on August 16, 1937; the appellees on the same date filed an answer. On the 16th day of August, 1937, an agreed compromise judgment was entered allowing a recovery against the appellees of the sum of $630.00 in favor of Mrs. Ivy Holmes, $250.00 in favor of Tom Lee Holmes, and $250.00 in favor of Jack Holmes.

On August 17, 1937, Mr. E. P. Lipscomb, as intervener, filed a motion in the trial court to set aside the judgment, and on the same day Mr. Lipscomb, acting as attorney for Mrs. Ivy Holmes and other appellants, filed a motion to set aside the judgment and grant a new trial. An amended motion was filed on September 24, 1937, insisting upon a new trial, on the ground that the settlement was induced by fraud and collusion, and alleging the discovery of new evidence. On September 30, 1937, the court heard evidence on all matters raised by the amended motion, and at the conclusion of the hearing overruled said amended motion. The trial court, at the request of appellants, filed findings of fact and conclusions of law. The cause is brought before this court without a statement of facts.

The trial court after hearing the evidence found facts negativing fraud and collusion; and that the law and the facts are with the appellees. The court further found that Mrs. Holmes had failed to prove the material facts alleged by her in said amended motion for new trial. With reference to the allegation of newly discovered evidence the trial court found, after hearing three witnesses, that none of the said three witnesses told the same story, or testified to facts which were consistent with facts testified to by other witnesses, and that each of said witnesses' testimony was contrary to the testimony of the other two. In other words, the facts found by the trial court indicate that the testimony of the newly discovered evidence was probably untrue and probably would not change the result if a new trial should be granted.

Appellants complain of the action of the trial court in the overruling of their amended motion for new trial through many propositions, most of which assert that the evidence shows on the hearing of the amended motion that the agreed judgment was induced by collusion, and that the newly discovered evidence would probably result in a judgment more favorable to them.

The trial court having found all material facts against the contentions of appellants and in favor of the appellees, in the absence of a statement of facts, we must indulge 'the presumption that the trial court's action was correct. In the case of Silvers v. Welch, 127 Tex. 58, 91 S.W.2d 686, it is said (page 687):

"There is no statement of facts in the record, and, of course, in the absence thereof, no challenge could be made of this fact finding."

See, also, Heidenheimer v. Tannenbaum, 23 Tex.Civ.App. 567, 56 S.W. 776 writ refused.

Accordingly, we approve the findings of fact made by the trial court, and the judgment rendered overruling the appellants' motion for new trial is affirmed.

### On Motion for Rehearing.

■ The appellants, through their motion for rehearing, challenge our statement that the case is before us without a statement of facts. There is in the record before us a statement of facts which includes the evidence adduced upon the hearing . before the court when the agreed judgment was approved by the trial court. The appellants did not include in the statement of facts any of the evidence heard by the trial court upon their motion for a new trial. In this condition of the record, the findings made by the trial court in passing upon appellants' motion for a new trial are binding upon this court. The trial court made findings of fact upon all material issues presented upon the motion for a new trial. Without the evidence heard by the trial court before us we cannot say that such findings are erroneous.

Appellants complain because of the action of the trial court in his failure to make additional findings of fact requested by them. In 41 Tex.Jur. § 406, p. 1283, it is said:

"Additional findings may be properly refused when the facts are covered ade-

quately by those made, when they are in conflict with evidentially supported findings, when they are immaterial, when a mere statement of evidence is requested, or when a mere statement of a party's theory of the case at variance with the court's findings is requested."

■ The additional requested findings of which the appellants here complain may be placed in one or more of the exceptions noted in the cited text. Therefore, the trial court did not err in denying the requests. Accordingly, the appellants' motions for additional findings by this court and for a rehearing are overruled.