## PRESCOTT v. METROPOLITAN LIFE INS. CO.

### No. 10639.

Court of Civil Appeals of Texas. Galveston.

Nov. 3, 1938.

Rehearing Denied June 22, 1939.

Dick Young and B. C. Johnson, both of Houston, for appellant.

Vinson, Elkins, Weems & Francis and Fred R. Switzer, all of Houston, for appellee.

CODY, Justice.

This suit was brought by appellant against appellee, seeking recovery for total permanent disability under a group insurance policy issued by appellee to Sinclair Consolidated Corporation, of which appellant was an employee. The case was submitted to the jury on special issues, the first of which was answered in appellee's favor, the others not being answered: and on such verdict judgment was rendered for appellee. Appellant seeks reversal of the judgment on the claim of miscon-duct of the jury, and on the claim of misconduct of the judge. Appellant has brought up a transcript of the evidence which was adduced on the hearing of the motion for a new trial, but has filed no statement of facts proved on the trial.

The alleged misconduct of the jury (and of the bailiff in whose charge they were) was this: That after the jury had retired to consider their verdict, they asked the bailiff to get them a dictionary (they wanted to read the definition of the word "disability" to one of the jurors, who said he didn't know what it meant as used in the court's charge). The bailiff refused to get it for them. This occurred after court and counsel had gone home, who never learned of such communications between the jury and bailiff until after the verdict. And recourse, thereupon, seems to have been had to the policy to determine what "disability" meant. Further misconduct claimed by appellant is this: That around 8:45 o'clock at night, the bailiff asked the jury if they had reached a verdict, and when informed that they had not, told them they should have done so by this time in a little case like the one they were considering. (As to whether this was said there was a conflict of evidence.) Further misconduct claimed by appellant is this: That around 9 o'clock at night the bailiff asked the jury if they wanted to continue their discussion or to retire to the dormitory; and when the jury told him they could get no further that night with the case, the bailiff then told the jury, "I have a surprise for you, the Judge has told me to excuse you until 9 o'clock in the morning. Don't talk to anybody about this case and be back in the morning at 9 o'clock." The jury then went home; the judge was not in the court room at the time, and the bailiff had communicated with him at his home, and received instructions what to do. That the next morning the bailiff sent the jury into the jury room—i. e., the jury was not first placed in the box, and then directed by the court to retire to the jury room.

There is a marked distinction between misconduct on the part of the trial judge, and on the part of the jury. Elliott-Greer Office Supply Co. v. Martin, Tex.Civ.App., 54 S.W.2d 1068, 1072. So we will consider first whether, in the absence of any statement of facts, the trial court's action in denying appellant's motion for new trial, based on misconduct

of the jury (or of the bailiff), may be here reversed. To begin with "courts do not presume injury in ordinary cases of jury misconduct. The burden of proof rests on the party asserting jury misconduct to show injury." Elliott-Greer Office Supply Co. v. Martin, supra. For all we can know, in the absence of a statement of facts, the evidence adduced on the trial may have been such as would have authorized a peremptory instruction in favor of appellee. If this were so, then such alleged misconduct would not "be material". Art. 2234, R.S.1925; Dennis v. Neal, Tex.Civ.App., 71 S.W. 387; Williams v. Brice, Tex.Civ.App., 108 S.W. 183; Day v. Gulf C. & S. F. Ry. Co., Tex. Civ.App., 297 S.W. 501; Currey v. Krause, Tex.Civ.App., 92 S.W.2d 324; Petty v. Petty, 53 Tex.Civ.App. 584, 57 S.W. 923; San Antonio & A. P. Ry. Co. v. Moore, 75 Tex. 643, 13 S.W. 295. It would require a very strong case of jury misconduct to warrant us in interfering with the trial court's discretion in ruling that it did not warrant setting aside the verdict. Bendelin v. Thompson, Tex.Civ.App., 33 S.W.2d 220; Wallis v. Long, Tex.Civ.App., 75 S.W.2d 138. In the absence of a statement of facts, it is manifestly impossible for us to say that the trial court abused his discretion.

 As stated above, misconduct on the part of the judge stands in a different category from misconduct on the part of the jury, or on the part of others. "The sacredness of the right to a jury trial and the delicacy of any fact inquiry as to the probable effect of the trial court's misconduct, before the very judge against whom the complaint is made, renders the matter of such public concern as to be well within the legislative right to speak arbitrarily. * * *" And, "the courts will not permit an inquiry into the probable effect of a violation of the statute." Parker v. Bailey, Tex.Com.App., 15 S.W.2d 1033, 1035 (expressly approved by the Supreme Court). But what is the evidence that the trial court was guilty in this case of misconduct, guilty of communicating with the jury not in open court? There can be no pretense that he communicated with the jury concerning the case on trial. His testimony was to the effect that before 9:00 o'clock that night he instructed the bailiff to release the jury at 9:00 o'clock to come back in the morning; that he did this for two reasons:

First, because the night was stormy and there was no heat on, and he didn't want to endanger the health of the jurors, and second, that it was his common practice when a jury was unable to reach a verdict by 9:00 o'clock at night to allow them to go home and come back the next morning to continue their deliberations; and that it would have been foolish to have had the bailiff put the jury in the box the next morning merely in order for him, the judge, to then direct them to retire to the jury room, so it was his standing practice to have the bailiff send the jurors to the jury room as they came in on the morning after they had been released the night before. It appears, therefore, that his direction to the bailiff to have the jury released can in no sense be considered a communication had by him with the jury concerning the case on trial. In so far as it may be considered a communication with the jury at all, it was one which concerned their comfort, health, or welfare. To take an extreme instance to illustrate the point, suppose the judge had seen the courthouse on fire, and phoned the bailiff to get the jury out; no one would suppose such was a communication that the judge had no authority to make to the jury until after they had been brought before him in open court. This extreme illustration differs from the actual case before us with respect to the element of emergency, but no emergency—pretended or real—would authorize a judge to communicate with the jury about the case on trial in violation of the Statute. But a communication had by the judge with the jury solely for the purpose of safeguarding their health, and which in no sense touched the case on trial, could in no way be said to prevent a jury trial, and cannot be supposed to have been denounced by the statute. There is nothing in the bare act of the jury having dispersed over the night to prevent a court from holding that there had been a jury trial in such a case. For had the jury so dispersed without authority of the court, this would not have constituted a sufficient ground for a new trial. Burns v. Paine, 8 Tex. 159; Edrington v. Kiger, 4 Tex. 89; Gulf, C. & S. F. Ry. Co. v. Lockhart, 4 Willson Cir. Cas.Ct.App. § 297, 18 S.W. 649. In the Edrington v. Kiger case, the Supreme Court said: "As to the alleged misconduct of the jury. This Court has decided that in trials for minor offenses, and in civil causes, the mere separation of the

jury, without the permission of the Court, when there does not appear to have been any other misconduct on their part, will not, of itself, vitiate the verdict; though it is a misdemeanor for which the jury may be punished." And under authority of the cases just cited, had the bailiff given permission to the jury to disperse without being so instructed by the court, this in itself would not have been ground to declare a mistrial on the ground of misconduct. The fact that the court did not personally admonish the jury not to discuss the case, will not of itself, constitute misconduct requiring that the verdict be set aside. In Gulf C. & S. F. Ry. Co. v. Lockhart, 4 Willson Cir.Cas.Ct.App. § 297, 18 S.W. 649, the court said: "While it is required by the statute * * * that the jury be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person on any subject connected with the trial, still it has been held that the dispersion of the jury over night, without permission of the court, is not a sufficient ground for a new trial. * * * Some injury should be shown on account of such act of dispersion in order to entitle the party to the new trial sought on that ground. The application for mandamus does not show that applicant proposes to establish the fact that he would have been injured by the dispersion of the jury."

Since, had the jury dispersed over the night without the court's permission, that fact alone would not constitute misconduct authorizing the court to declare a mistrial, we are unable to see how their dispersion over the night with his permission would, of itself, constitute such misconduct. Had the bailiff not instructed the jury not to discuss the case, and had the judge failed to do so, that fact alone would not have vitiated the verdict. It is to be presumed that during the trial the judge instructed the jury each time they dispersed not to discuss the case. The fact that the judge instructed the bailiff to do so on the occasion in question could not, of itself, have prejudiced appellant. The incident could in no sense be said to have denied appellant a jury trial.

Appellee has presented various grounds not discussed by us, including objections to the consideration of appellant's assignments of error, as to why this cause should not be reversed. Such grounds we consider it unnecessary to pass on. The judgment will be affirmed.

Affirmed.

MONTEITH, C. J., participating as Special Commissioner.

## On Appellant's Motion for Rehearing.

CODY, Justice.

A motion for a new trial is necessary where the ground urged for reversal is misconduct of the jury, and such ground must first be presented by motion for a new trial. Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270, 273. Rule 24, pertaining to Courts of Civil Appeals, provides that no assignment of error may be considered on appeal where the error complained of was not distinctly presented to the trial court in the motion for new trial. The action of the bailiff in reference to the request of the jury for a dictionary was not presented to the trial court at all, and the trial court was given no opportunity to pass on whether a new trial should have been granted on such ground. We therefore are without authority to pass on whether such action constituted reversible error. The only other communication had by the bailiff with the jury was had under orders of the court. Art. 2195 provides that the officer in charge of the jury shall not communicate with them except to inquire if they have agreed upon a verdict, unless by orders of the court. We therefore hold the case of Texas & P. Ry. Co. v. Hancock, Tex.Civ.App., 59 S.W.2d 313, does not control.

Appellant's motion for rehearing is refused.

Refused.