## SOUTHERN PINE LUMBER CO. v. SMITH et al.

### No. 11653.

Court of Civil Appeals of Texas. Galveston.

Oct. 26, 1944.

Rehearing Denied Nov. 16, 1944.

R. E. Minton, of Lufkin, for appellant.

C. C. Chessher, of Groveton (on oral argument but no brief filed), for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Trinity County denying the application of appellant, Southern Pine Lumber Company, that appellees, Earl Smith and Travis Smith, be permanently restrained from trespassing upon certain enclosed tracts of appellant's land located in Houston, Angelina and Trinity Counties, Texas.

Appellant alleged that it was the owner of and in possession of said land, which was used by it for growing timber crops, grazing and pasturing livestock, and propagating and protecting game animals; that upon numerous occasions appellees had entered and trespassed upon said lands and that on some of such occasions they had carried and used firearms with which they had threatened appellant's servants, and that they had openly declared that they would continue to enter upon said lands without complainant's consent or permission until they were restrained therefrom. Appellant alleged that this course of conduct, if pursued by appellees, was calculated to and would result in a breach of the peace and in irreparable damage and injury to its business and its real estate. It alleged that it had no adequate remedy at law.

Appellees answered by general denial and by plea that they were not guilty of the trespasses charged. They pled no justification of the alleged trespass.

After a hearing before the court appellant's application for the permanent injunction sought was denied.

At the request of appellant the trial court prepared and caused to be filed his findings

of fact and conclusions of law, wherein he found, in substance, that appellant was the owner and in peaceable possession by actual enclosure of the land described in its petition; that it was using such land for the growing of timber for the manufacture of wood products, and for the raising and pasturing of livestock. The court found that much of the land outside of appellant's enclosure was open range and that appellant's fences around its enclosed land had not been sufficiently maintained to prevent the entry of hogs upon appellant's land; that appellees had been forbidden by appellant to enter said enclosure, but that they had entered thereon without appellant's consent for the recovery of hogs that had entered said enclosure. The court found that appellant had made some effort to deliver appellees' hogs, but that it had refused to give permission to appellees to enter the pasture to obtain them; that slight damage had been caused by entry of the appellees, but that it was not reasonable to believe that the future entry of appellees without permission would result in a breach of the peace.

The court made the following conclusion of law: "Upon the foregoing facts and in equity, I conclude as a matter of law the injunction prayed for by plaintiff should be denied."

No statement of the facts introduced in the trial court has been filed in this court and no brief has been filed by appellees, though appearance was made by counsel for appellees by oral argument.

■ In the absence of a statement of facts introduced in the trial court, this court must rely upon an examination of the pleadings and the findings of fact and judgment of the trial court in passing on the correctness of the judgment rendered, unless error is apparent from the face of the record. And we must presume that the facts found by the trial court were supported by sufficient evidence if the proof of the facts on which the court's findings of fact and judgment were based was available to appellees under their pleadings.

■ It is the established law in this state that "if one is in possession of certain premises, and thereby capable of using and enjoying them, and another wrongfully attempts to invade this possession or to destroy the use and enjoyment of such premises, he may resort to a court of equity and secure an injunction restraining the wrongdoer, for there is available to him no plain and adequate remedy at law." City Nat. Bank v. Folsom, Tex. Civ.App., 247 S.W. 591, 593; Kibbin v. McFaddin, 259 S.W. 232, error refused; 41 Tex.Jur., page 421, section 11.

■■ It has been uniformly held, however, that in an action of trespass to realty a plea of not guilty operates only as a denial that the defendant committed the alleged trespass. It does not operate as a denial of the plaintiff's title to or right of possession of the land, and where the acts of the defendant appear prima facie to be a trespass any matter of justification or excuse must be specially pleaded. Shell Petroleum Corp. v. Liberty Gravel & Sand Co., Inc., Tex.Civ.App., 128 S.W.2d 471; 41 Tex.Jur., page 433, section 20; 26 R.C.L. 967; 63 C.J. 986.

■ It is undisputed that appellant was in lawful possession of the land in question and that any invasion or forbidden entry thereon was a trespass. Shell Petroleum Corp. v. Liberty Gravel & Sand Co., 128 S.W.2d 471. Since appellant pled an action of trespass, under the rule laid down in the case of Shell Petroleum Corp. v. Liberty Gravel & Sand Co., supra, it was necessary for appellees to have pled affirmatively any justification of their actions in entering upon appellant's enclosed land for them to avail themselves of testimony establishing justification. Under their plea of general denial and that they were not guilty of the trespasses charged, proof of the fact that appellant's fences had not been sufficiently maintained, and that they had entered appellant's enclosure to obtain their hogs, on which the court expressly based his judgment, was not available to them.

For the reasons stated the judgment of the trial court is reversed, and since it is apparent that the case has not been fully developed, the cause is remanded.

Reversed and remanded.