**Robert F. LEGGIERI,**

v.

**Douglas MEALO et al.**

**Civ. A. No. 77–1276.**

United States District Court,
E. D. Pennsylvania.

Jan. 11, 1980.

11. *Cf. Brown v. Bathke*, 566 F.2d 588 (8th Cir. 1977); *Irby v. McGowan*, 380 F.Supp. 1024 (S.D.Ala.1974).

August J. Lacko, Philadelphia, Pa., for plaintiff.

Robert A. Godwin, Newtown, Pa., for defendants Jenkintown, L. Murray, J. Barry, J. Doe.

## MEMORANDUM

POLLAK, District Judge.

On April 12, 1977, Robert F. Leggieri brought this action against Police Officers Mealo, Mooney and Cutting of Abington Township, and the township itself, and also against Jenkintown Borough and Jenkintown Police Officers John Barry, Louis J. Murray and "Joseph Doe." The action arises out of the shooting of plaintiff by a police officer on the morning of April 14, 1975. The amended complaint alleges that Officer Mealo, "while attempting to arrest and detain plaintiff, Robert F. Leggieri, did without cause or provocation willfully, maliciously, recklessly and negligently strike plaintiff several times with the barrel of his police revolver with such force and abandonment that the said weapon was caused to fire and discharge a bullet into the back of the plaintiff." The amended complaint further charges that members of the Jenkintown Police Department "whose identity is not now fully known, whose further identity and participation will be discovered," aided and abetted the actions of Officer Mealo; and that the defendants conspired to deprive plaintiff "of various information and evidence to arrest him in the defense of his arrest and prosecution of his claim for injuries." Finally, the amended complaint asserts claims based on reckless supervision and respondeat superior. Plaintiff seeks relief under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. § 2201 and 28 U.S.C. § 2202 and under state law.

On September 27, 1979, after an extended period of discovery, defendants Jenkintown Borough and Officers Barry, Murray and Doe, moved for summary judgment. These defendants assert that no Jenkintown police officer participated in any of the acts giving rise to the claims. In support of the motion, they have supplied three affidavits.

The affidavit of defendant Murray states that (1) although he is and has for many years been the Police Chief of Jenkintown Borough, illness removed him from supervision of Jenkintown police officers from April 2, 1975 to June 1, 1975, a time span embracing the shooting incident; and (2) at no time did he enter into a conspiracy to deprive the plaintiff of information or evidence.

The affidavit of defendant Barry notes that although he was in the vicinity of the apartment complex where the incident occurred, he was not present in the immediate area of the shooting and neither participated in nor witnessed, the arrest, or the alleged physical abuse of the plaintiff.

Officer Herrmann's affidavit recites that, at the time of plaintiff's arrest, he was assisting the officers of Abington Township in searching for intruders in an apartment complex in Jenkintown Borough. After arresting one suspect, he was in front of the building keeping watch, at which time he heard that there had been a shooting. He then assisted in transporting the wounded plaintiff into a vehicle. He states further that his position allowed him to see that at no time prior to the arrest was Officer Barry in the immediate area where the shooting occurred.

There is no doubt that these affidavits, standing alone, present a factually sufficient basis for rejecting the plaintiff's claims as a matter of law. Chief Murray's statement that at the time of the incident he was not in a supervisory position over even the Jenkintown officers (let alone having responsibility for the actions of officers of a separate police department) sufficiently addresses the respondeat superior and negligent supervision claims. The affidavits of Barry and Herrmann sufficiently address the charges of aiding and abetting and, given the vagueness of the amended complaint in this regard, the charge of conspiracy. If the action against these defend-

ants fails, the claim against Jenkintown Borough evaporates as well.

At the instance of this court, plaintiff finally responded to the motions for summary judgment on November 9, 1979. The response does not contradict, indeed it does not directly address, the affidavits summarized above. Rather, it alleges what appears to be a new theory of the case: that Officer Barry conspired to fabricate evidence that Leggieri was committing a burglary, and was not merely engaged in a trespass, at the time of the events complained of. In support of this new allegation, plaintiff offers the affidavit of his attorney, August J. Lacko, Esquire, which asserts that he has discovered witnesses who can and will testify that Barry conspired "or attempted to conspire" to mar and mutilate various coin-operated machines to make it appear that plaintiff was committing a felony when apprehended.

 Plaintiff's response is inadequate to withstand the defendants' motions. In regard to defendant Murray, plaintiff offers nothing to controvert Murray's statement that he was not, for the relevant period, functioning as supervisor. As to defendant Barry, plaintiff does not attempt to put into question Barry's statement that he was not a participant in the shooting. Moreover, to the extent that plaintiff alleges the existence of witnesses who can testify to Barry's alleged attempt to contrive evidence against the plaintiff, it is clear that the assertion by an attorney that "he has belatedly become aware of facts which lead him to believe" or "that he has discovered witnesses who can and will testify," is not itself evidence, nor may it substitute for the presentation of evidence, cognizable by the court in considering a motion for summary judgment. *Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.*, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312, reh. denied, 340 U.S. 846, 71 S.Ct. 13, 95 L.Ed. 620 (1950); Fed.R.Civ.Pro. 56(e).

Plaintiff has not attempted to invoke Rule 56(f), which allows the court to delay or refuse the application for summary judgment where the party opposing the motion states by affidavit a sufficient reason for inability to present evidence in opposition. Mr. Lacko states that Officer Barry refused to appear for depositions without having his expenses prepaid, which in turn caused the delay in finding this new information. The record is clear, however, that plaintiff has had more than adequate time for discovery and that he has never petitioned this court for assistance in obtaining the deposition of defendant Barry. Moreover, Mr. Lacko's affidavit offers no explanation for the failure to present in some cognizable form the reports of those witnesses that he claims are his present source. Thus, plaintiff's "fishing expedition" against these defendants is properly halted at this point.

For the foregoing reasons, an order will enter granting summary judgment in favor of the moving defendants.